Dear Mr. Thompson:
Our office received an opinion request from you regarding the release of a police department video recording of a fight or disturbance. In particular, your opinion asks us to address:
 (1) Whether a Shreveport police department video recording of a fight or disturbance-at an establishment where alcoholic beverages are sold, and where several persons were arrested and the criminal matters are pending-is subject to disclosure as a "public record"?
 (2) If the video recording is not subject to disclosure as a public record because it pertains to pending criminal litigation (or for any other reason), does the Mayor of the City of Shreveport have the right to view the video recording? If the Mayor of the City of Shreveport views said video recording, does the video recording then become a public record subject to disclosure?
 (3) If the video recording is not subject to disclosure as a public record because it pertains to pending criminal litigation (or for any other reason), does the Shreveport City Council have the right to view the video recording in an executive session, in an open meeting, or in any other setting?
 (4) If the video recording is not subject to disclosure as a public record because it pertains to pending criminal litigation (or for any other reason), does a Shreveport City Council member have the right to view the video recording? *Page 2 
 (5) If said video recording is viewed by the Council or a member(s) of the Council, does the video recording then become a public record subject to disclosure?
The right of access to public information is guaranteed by La.Const. Art. 12, § 3 (1974), which provides, "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." The Public Records Act, which can be found at La.R.S. 44:1 et seq., was enacted by the Louisiana Legislature to protect and define this constitutional right of access.
As an initial matter, the video itself is a public record under La.R.S. 44:1(A)(2)(a), which provides:
 All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records", except as otherwise provided in this Chapter or the Constitution of Louisiana. (Emphasis added).
The right to examine records is provided by La.R.S. 44:31, which states:
 A. Providing access to public records is a responsibility and duty of the appointive or elective office of a custodian and his employees. B.(1) Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter, any person of the age of majority may inspect, copy, or reproduce any public record.
 (2) Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter, any person may obtain a copy or reproduction of any public record.
 (3) The burden of proving that a public record is not subject to inspection, copying, or reproduction shall rest with the custodian. *Page 3 
Your letter states that the video relates to a matter in which criminal matters are pending. Louisiana Revised Statute 44:3(A)(1) provides:
 Nothing in this Chapter shall be construed to require disclosures of records, or the information contained therein, held by the offices of the attorney general, district attorneys, sheriffs, police departments, Department of Public Safety and Corrections, marshals, investigators, public health investigators, correctional agencies, communications districts, intelligence agencies, or publicly owned water districts of the state, which records are:
 (1) Records pertaining to pending criminal litigation
or any criminal litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled, except as otherwise provided in Subsection F of this Section. (Emphasis added).
As the Louisiana Supreme Court has stated, the constitutional provision guaranteeing the right of the public to view public records must "be construed liberally in favor of free and unrestricted access to the records, and that access can be denied only when a law, specifically and unequivocally, provides otherwise." Title Research Corp. v. Rausch, 450 So.2d 933, 936 (La. 1984). As the record at issue pertains to pending criminal litigation, it is specifically and unequivocally exempt from inspection under the Public Records Act by the unambiguous language of La.R.S. 44:3(A)(1), and the custodian of this record cannot be required to disclose it pursuant to a public records request.
In this case, you provide that the record is located at the Shreveport police department. Louisiana Revised Statute 44:1(A)(3) defines "custodian" as "the public official or head of any public body having custody or control of a public record, or a representative specifically authorized by him to respond to requests to inspect any such public records." If a record is in the custody or control of the Shreveport police department, the custodian of the record would be the Chief of Police for the Shreveport police department, provided he has not specifically authorized someone else to respond to public records requests.
Considering the above referenced law, the Chief of Police cannot be required to disclose the video pursuant to a public records request when it pertains to pending criminal litigation, until such litigation is finally adjudicated or otherwise settled.
You also request our office to address whether or not the Mayor of the City of Shreveport or the members of the City Council of Shreveport have the right to view the video recording. It is the opinion of this office that the custodian of a record may choose whether or not to exert an exception to the Public Records Act, when such records are not confidential or otherwise private, but the decision to do so is solely within his discretion. We are not aware of anything that would preclude the Chief of Police from allowing the Mayor or members of the City Council to view the record. Allowing these *Page 4 
individuals to view the record within the custody of the Chief of Police would not transform the record to a non-exempt public record. This opinion only addresses the examination of the record by individuals, as indicated.
We are not aware of any provisions which grant the Mayor of Shreveport or the members of the City Council of Shreveport the right to view records in the custody of the Shreveport police department outside of their right to examine records pursuant to a public records request.
We hope that this opinion has adequately addressed the legal issues that you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 Emalie A. Boyce
 Assistant Attorney General
 JDC: EAB